### PARKER et al. v. BUSHONG et al.

(Court of Civil Appeals of Texas. Texarkana. Jan. 11, 1912.)

1. MORTGAGES (§ 38*)—DEED OR MORTGAGE—EVIDENCE.

Evidence *held* to sustain a finding that an instrument was intended as a mortgage, and not as an absolute deed.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 108–111; Dec. Dig. § 38.*]

2. HOMESTEAD (§ 96*) — PAYMENT OF MORTGAGE FOR PURCHASE PRICE.

One who paid the notes representing the price of a homestead could enforce a mortgage given by the owners to secure the money advanced.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 147–153; Dec. Dig. § 96.*]

3. HOMESTEAD (§ 115*)—LIEN—MORTGAGE.

One who furnished money to pay purchase-money notes, given for a homestead, which was thereupon conveyed to her, will not be denied relief against the property as a mortgagee, upon holding that the transaction constituted a mortgage, because she intended to become the owner of the property, and 'not merely to be subrogated to the rights of the holders of the notes; the purchasers having intended, in executing the conveyance, to secure her by a lien on their homestead.

[Ed. Note.—For other cases, see Homestead, Dec. Dig. § 115.*]

Appeal from District Court, Tarrant County; W. T. Simmons, Judge.

Action by J. L. Bushong and another against Virgil R. Parker and another. From

a judgment for plaintiffs, defendants appeal. Affirmed.

Parker & Parker and Theodore Mack, for appellants. Orrick & Terrell, for appellees.

WILLSON, C. J. By an instrument, dated January 17, 1908, purporting to be a deed, appellant Parker and his wife conveyed their homestead in Ft. Worth to appellee Mrs. Hattie J. Bushong, wife of appellee J. L. Bushong. The consideration for the conveyance, as recited in the instrument, was "the payment in cash of $300, same being the amount due on the first of three certain vendor's lien notes given by V. R. Parker and wife E. A. Parker, mentioned in deed to said V. R. Parker of date November 12, 1906, * * * the payment of all interest on said three vendor's lien notes due and payable to date, and other valuable considerations." The three notes referred to represented a part of the purchase price appellants had agreed to pay for the lot constituting their said homestead. The suit was by Mrs. Bushong, joined by her husband, against appellants to try the title to and for possession of the lot. The petition contained only the allegations usually made in such a suit. The answer was that the instrument, though in form a deed, was intended by the parties to operate only as a mortgage to secure a loan of $385 made by Mrs. Bushong to appellants, and, because on appellants' homestead, was void. In a supplemental petition, appellees alleged that the three notes were made by appellants November 12, 1906; and bore that date; that one of them, for. $300, interest, and attorney's fees, matured one year after its date, another, also for $300, matured two years after its date, and the other, for $400, matured three years after its date; that when the first mentioned of the notes became due appellants were unable to pay it, and also were unable to pay interest then due on the others; that the holder of the notes threatened a suit thereon to foreclose the lien thereof on the lot; that Parker then agreed to convey the property to Mrs. Bushong, if she would pay said first note and all interest then due on the other notes, and "give him one year's rent of said premises free and pay all taxes upon said property in question;" that she thereupon paid said first note in full and the interest then accrued on the other notes, and paid taxes assessed against the property, amounting to $62.11, and appellants executed and delivered to her the deed conveying their said homestead to her; and that the payments made by her were to satisfy debts of Parker, secured by valid liens against the lot. Appellees prayed that, in the event the court should hold that the conveyance to Mrs. Bushong operated as a mortgage only, and not as a deed, they have judgment against appellants for the sums so paid by Mrs. Bushong, and foreclosing a lien which, they

alleged, existed in her favor on the lot, because of the facts set out.

The findings of the jury on special issues submitted to them were: (1) That the conveyance to Mrs. Bushong was intended by the parties to operate as a mortgage, and not as a deed; (2) that at the time said instrument was executed and delivered to Mrs. Bushong by appellants, and ever afterwards, the lot was their homestead; and (3) that at the time Mrs. Bushong paid the first of said three notes and interest she did not intend thereby to become subrogated to the rights of the holder of said note. On these findings and others made by the·court, a judgment was rendered in favor of appellees for the total of the sums, and interest thereon, paid by Mrs. Bushong on the notes and to satisfy taxes assessed against the property. The court determined that a lien on the lot existed in favor of appellees to secure the payment of the sum adjudged in their favor, and by his judgment foreclosed same, subject, however, to the lien in favor of the holder of the other two notes, which, it appeared, had not been paid.

The objection urged to the judgment is that it is contrary to the finding made by the jury that Mrs. Bushong, when she paid the note and interest, did not intend thereby to become subrogated to the rights of the holder of the notes. On the case-made by the record, we think the trial court did not err in treating the finding as immaterial.

[1] The contention of appellees was that the instrument was intended by the makers thereof to be what it purported on its face to be—an absolute conveyance of the lot to Mrs. Bushong. She testified that, after she had positively refused to loan to appellants money to pay the note and interest due, "Mr. Parker," quoting from her testimony, "at his own suggestion, took a year's rent of the property, which he valued at $25 per month, for his equity in it, and agreed to pay me rent, commencing January 1, 1909, at the rate of $30 per month." Her husband testified to the same effect.

The contention of appellants was that the instrument was not intended to be an absolute conveyance of the lot, but was intended to operate as a mortgage to secure the repayment to Mrs. Bushong of ·the sum paid by her, at their request, to the holder of the notes secured by a vendor's lien on their homestead. ·Appellant Parker testified: "As to the agreement between Bushong and me at the time we executed this deed, in which my wife joined, and conveyed this property without reservation to his wife, I will state that he said Mrs. Bushong would not loan the money on the vendor's lien note, but that she would if we would execute her a warranty deed, that she would loan the money, and that he could fix it up so she would lend the money—advance the money; and I said, 'Either way will suit me, and I will make a warranty deed or vendor's lien note. Satisfy

yourself.' And he came back and told me, 'We will just take the warranty deed.' * * * That general warranty deed was for the purpose of securing this loan. * * * .Prior to that time when this note was bought by Mrs. Bushong, I did not request her to pay the notes—to pay the vendor's lien note. I requested her to loan the money, or rather Mr. Bushong; I don't think that I made any request at all. * * * She did not want to take up the note, and wouldn't do it, so Mr. Bushong said. Well, she paid the money at my request, although she did not take up the note at my request. * * * The money that they loaned me paid the note." It was shown by undisputed testimony that the payment by Mrs. Bushong on the notes was made directly to the holder thereof, and that the note which had matured, and which she had paid in full, was then delivered to her by the holder.

[2, 3] It is plain, we think, that the testimony referred to did not make a question as to whether appellees were entitled to relief or not. The only question it made was one as to the character of the relief to which they were entitled. The finding of the jury that the instrument was intended by the parties to operate as a mortgage, and not as a deed, determined that question in favor of appellees' contention. Giving effect to that finding, and to testimony of appellant Parker, to which we have referred, it conclusively appeared that Mrs. Bushong, at appellants' request, had paid money due by them on notes representing a part of the purchase price of their homestead, relying on their undertaking to secure her in the repayment thereof by a mortgage on said homestead. It so appearing, under repeated decisions of the courts of this state, she was entitled to a judgment foreclosing the lien of the mortgage made by appellants in compliance with their undertaking to so secure her. Mustain v. Stokes, 90 Tex. 358, 38 S. W. 758; Hicks v. Morris, 57 Tex. 658; Dixon v. Loan Co., 40 S. W. 541. That she intended by the transaction to become the owner of the property, and not to become subrogated to the rights of the holders of the notes, we think was not a reason why, when it was determined she had not become such owner, she should be denied relief as a mortgagee. It was conclusively established by the testimony that she parted with her money on the faith of security furnished by the property, either to her as its owner, or to her as a lienor for purchase money thereof. To deny to Mrs. Bushong the right to recover the lot as its owner, and also the right to look to it as security for the repayment of the money she paid to the holder of the notes, would, it seems to us, operate as a fraud on her, and defeat the intent of appellants existing when they executed the instrument, to thereby secure her by a lien on their homestead in the repayment of that money. That such a result need not have followed, because Mrs. Bushong when she paid the money did not intend to become subrogated to the rights of the holder of the notes, is, we think, clear. It was not indispensable to a right in Mrs. Bushong to appeal to the doctrine of subrogation that she should have intended to become subrogated to the rights of the holder of the notes. Her case, we think, was within a rule which has been stated as follows: "One who pays a debt at the instance of the debtor, under such circumstances that it appears to have been contemplated by the parties that he should become entitled to the benefit of the security for the debt held by the creditor from the debtor, may, as against the debtor, be subrogated to the benefit of such security, and of the debt which he has discharged; and a party who has paid the debt at the request of the debtor, and under circumstances which would operate a fraud upon him if the debtor were afterwards allowed to insist that the security for the debt was discharged by his payment, may also be subrogated to the security as against that debtor." Oury v. Saunders, 77 Tex. 278, 13 S. W. 1031; Park v. Kribs, 24 Tex. Civ. App. 650, 60 S. W. 910.

The judgment is affirmed.